Vacation Tours Inc Okay our last case is number 19-10784 Aaron Development Corporation v. Vacation Tours Incorporated. Mr. Rashkind. May it please the court, my name is Noah Rashkind with Lott & Fisher on behalf of the appellants. Your honors, the district court erred when it granted summary judgment where there were genuine issues of material fact and dispute, particularly with respect to the safe harbor provision and a number of the affirmative defenses, not the least of which acquiescence and laches. Subsequent to that order, the court erred again when it denied appellants the right to a jury trial on statutory damages where there had been a demand for a jury trial and that demand had not been waived. And finally, the court erred when it found that this case was exceptional for the purposes of awarding attorneys fees. I don't know that the court needs to reach a decision as to the second and third issues if the court agrees that this case should be sent back because summary judgment was granted in error, but I'll refer to those second and third issues in turn. Let me jump in for a second. I think one of your strong arguments, I don't know yet that it gets you past the line, but I think one of your strong arguments is that in applying the summary judgment standards, the district court relied on factual findings made by the magistrate judge at an earlier point in the proceeding following an evidentiary hearing. Yes, Your Honor. But my question, and I think that's a potential problem because whatever facts were made, whatever factual findings were made by the magistrate judge following contested testimony doesn't mean that those facts can be used at least not necessarily. But my question to you is this, what additional evidence on these issues, for example, on the issue of bad faith was presented after the initial preliminary injunction hearing? There was no additional evidence. There was the document 89, which was the Mendez declaration, which would have been presented at the time of the preliminary injunction stage as well as at the summary judgment stage. And that was where Ms. Mendez essentially laid out why there was no bad faith. Parties had been in business essentially together for approximately 15 years. Under a wholesale contract, appellants were selling hotel rooms using these domains that they had owned and been using with Palos' knowledge, permission, and input for a number of years and continued to do that after the wholesale contract was terminated in 2014 with an agreement with Go-Go Tours. This declaration outlines why there's no bad faith. This declaration outlines why there would be acquiescence and why there would be latches. There's certainly more than a scintilla of evidence here to support those defenses, which is why the court should have denied summary judgment. Are you saying that bad faith is an issue that should have been decided by the jury? Yes, Your Honor. And that's because there was evidence on both sides of the V? I beg your pardon? There was evidence both ways? Yes, Your Honor. That's particularly because there was a case, Victoria's Secret, which was cited by appellees, which domains were purchased and never used. They included the words Victoria and Secret. They were purchased with the intent to create adult-oriented websites. They were never actually used, and then they offered to sell those domains to Victoria's Secret. During the course of that proceeding, during the course of that summary judgment proceeding, evidence was adduced by the person who had purchased those domains that there was no bad faith intent. The district court determined, and I think probably erroneously, that that evidence should not have been enough to escape summary judgment. There is certainly more evidence here of a lack of bad faith through that Mendez declaration, and so I think that this case is unlike the Victoria's Secret case. If we find bad faith was a jury issue, what would you have us do? Send the case back for a jury trial on liability. Now, with regards to the jury trial issue, the safe harbor provision says, unless the court determines, how does that affect your jury trial argument? Are there any cases addressing whether or not that safe harbor provision is a matter tried to the jury or tried to the court? Certainly, that's a very good question. I don't know that the court needs to reach that because in order for there to be an ACPA violation, there needs to be a finding by a jury that there was bad faith. There's a safe harbor provision that says if the court finds, but also before you were even to reach that safe harbor provision, there's also just in the wording of the statute itself that there needs to be bad faith, and then you look at these factors to determine whether there's bad faith, but that should be done by a jury. Right, I know, but the words of the safe harbor provision are that bad faith shall not be found in any case. What happens? The district court steps in if it finds that the criteria of the safe harbor provision have been met even if the juries come back with a contrary finding? Yes, Your Honor. That would be my understanding. Under a traditional judgment as a matter of law standard or what? I think so, but I don't know that Judge Moreno would do that here. I think this ultimately would be decided by the jury, so I think that the district judge has already given us an idea of where he would go if a jury was to find that there was liability, that he wouldn't invoke this safe harbor provision, but certainly this is, even before you get to the safe harbor provision, there's a requirement for bad faith that must be proven to a jury before you even get to that safe harbor provision. I guess what we're asking is what would be the point of putting it to a jury if the judge determined that the safe harbor provision was met? What would be the point of putting it to the jury? In other words, if at summary judgment . . . let's say that there's disputed evidence on bad faith as you contend, but this safe harbor provision talks about the court making a determination. Does that upset the traditional summary judgment standard or what? I don't know, Your Honor. I would suggest that the safe harbor provision should be decided by a trier of fact. I understand the wording of that makes it so that the court perhaps could decide it, but the alternative could be true. If the court determined at summary judgment that the safe harbor provision should have applied, then appellants would have been successful on summary judgment, and perhaps that would have ended the case, but the court had to weigh the evidence and weighed the Mendez declaration and disregarded it or didn't give it any weight. There was clearly evidence that was in the record that was considered that should have stopped this from becoming an order of granting summary judgment as to the ACPA. Do you want to talk about whether or not the case was exceptional? Yes. This case was not exceptional for a number of reasons, not the least of which the district court found that there was bad faith in the case. That was one of the issues that the court found was relevant to whether this case was exceptional. The problem with that is in every single ACPA case, there needs to be bad faith. The standard for whether a case is exceptional is whether it stands out from the rest, either in the manner in which the case was litigated or the strengths of the case. To use bad faith as a reason for this case being exceptional, it doesn't make any sense because every ACPA case requires bad faith. There are additional reasons why this case should not have been found to be exceptional. There were a number of extensions of requests that were filed in the trial court by appellant's counsel, a number of which were cited by both appellees and then also the court. They were extension requests that occurred prior to this plaintiff being in the case. They applied to a totally different party. This plaintiff can't very well request attorney's fees for something that occurred to a different party. The same is true for the bad faith. Am I correct that the district court has not decided the amount of fees? The amount of fees has been decided, but there is a pending motion for reconsideration. Was the amount of fees determined at the same time the judge found the case exceptional or in a later order? No, there was a later order. Pre or post appeal? It was post appeal. It's not an issue in this case? Not an issue. The amount is not an issue in this case. Is the entitlement of fees final then? I would say yes, and I think that issue is before the court properly because the trial order document 280, that was a final order that said that attorney's fees should be awarded. You appealed the partial summary judgment order and that was entered prior to the district court. I know the Maastricht judge discussed or took up the issue of the safe harbor provision, but the district court apparently did not look at the safe harbor provision until after the partial summary judgment was entered. In fact, all the way to the point where trial briefs were being submitted. Is that not correct? That's correct. This was an issue that was raised later. Did you waive that defense at least with regard to the consideration of the partial summary judgment by not raising it in the motion for summary judgment itself, the safe harbor provision? I do not believe so. It was ultimately asserted and then the court . . . It was asserted after the summary judgment opinion was issued, wasn't it? Long after. I'm sorry, no. The summary judgment order included a discussion about the safe harbor provision, so that would have been . . . I thought that was the trial order. I believe you're right. I stand corrected. I think you're right. If you did not . . . I know it was raised, I think, in your answer, in your responses early on in front of the Maastricht judge, but you did not raise it to the district court when it was considering the summary judgment motion, did you? I'm talking about the safe harbor provision. In all candor, I don't recall whether that was asserted in the response. If you didn't, and we feel like it was not properly before the district judge, we just would ignore the safe harbor provision and only talk about whether or not you are correct on your analysis with regard to the bad faith being a jury issue. I don't know that that's true because I believe that there was a motion for reconsideration that may have raised it. If that was the case . . . Do you know that or are you just . . . I believe that that's true, but I don't want to state it affirmatively. Thank you. Okay, Mr. Rajan, thank you very much. I'll reserve the rest of my time.  Mr. Beccari. Good morning. May it please the Court. Jake Beccari for Appellee and Plaintiff Below, Palace Resorts. I'd just like to clarify one factual matter with respect to the amount of attorney's fees. That is still sitting with the trial court below. It hasn't been ruled on yet. Entitlement's been ruled on, but not the amount. This is a textbook, black letter, cyber squatting case. Exactly what this is. The ACPA provides a cause of action for cyber squatting, which is defined as registering, trafficking in, or using domain names that are identical or confusingly similar to trademarks with bad faith intent to profit from the goodwill of trademarks. The law was designed to thwart cyber squatters just like the registered domain names containing trademarks owned by others. Just for some factual content and background, Palace Resorts is an all-exclusive beach hotel resort. They own several properties. They own 13 trademarks, 11 of which are incontestable, which are associated with those properties. The appellants don't own any resorts. They broker rooms and they earn commissions on the rooms that they sell. Palace Resorts never authorized appellants to register domain names. Never. But also didn't object for a while. That's at least disputed evidence, right? I take your point that that's disputed evidence. Now what we know is that there's a wholesaler contract between the parties, and you can look at that at Docket Entry 73-8. It specifically prohibited appellants from registering the domain names. That's not why I phrased the point a little bit differently. The point is that there is at least some evidence in the record that despite the language in the agreement, for a while your clients did not object, although they purportedly had knowledge. The question is whether or not that is the sort of issue that might require a trial before either a jury or a judge on the issue of bad faith. We don't think that it does. The magistrate's report and recommendation specifically dealt with these issues. It found that all of the affirmative defense were meritless. I know, but that's the big problem in this case, at least for me. The magistrate judge makes those findings factual and legal after an evidentiary hearing in which he properly weighs evidence. He takes the evidence on this issue, pro and con, and he decides, nope, the evidence leads me to this factual finding, this conclusion. The district judge, and that was proper for the magistrate judge to do at that point with regard to the preliminary proceedings at the beginning, but then later the district judge, I think, incorporates some of those factual findings in the partial summary judgment order. I'm not sure that that's procedurally correct. Maybe it's harmless error, but I'm not sure it's procedurally correct because you can't take a magistrate judge's findings made on disputed evidence where the magistrate judge is essentially the fact finder and use those as conclusive at summary judgment where you're not supposed to weigh evidence. Am I missing something? You are, because I don't think there was any weighing of evidence. The point of fact is from the time that the preliminary injunction was issued, from the time that partial summary judgment was granted, there was no new evidence adduced by the appellants, none. Right, and that goes to maybe harmlessness, but was there disputed evidence at the hearing before the magistrate judge on the issue of bad faith? No matter how insignificant you thought it was, did they offer some evidence? Yes, I think counsel just spoke about an affidavit. Right, so isn't the proper thing at summary judgment to go back and look at that evidence and decide whether or not it creates a material issue of fact for whoever is going to try the case as opposed to relying on a factual finding made by the magistrate judge after weighing of evidence? I think Judge Moreno properly applied the summary judgment standard. He went through this in his summary judgment order. He said that the palace resorts had met its burden of establishing that there was no genuine issue of material fact, and at that point the burden shifted back to the appellants. The fact of the matter is they didn't deduce any factual evidence to from, and I'm going to call them travel agents, the other entity, utilizing some of these websites and domain names to obtain customers for you to have in your rooms. They would have, for sure. Wasn't that one of the factors that a court could consider in weighing whether or not it was bad faith or conduct? The fact that you knew they were doing that, your client knew that they had registered those domain names, and that your client continued to allow them to market rooms that your client had empty? Isn't that one of the issues that we are supposed to consider when we're deciding whether or not there's bad faith? I think that might be one of the issues, but I think . . . If there is one issue that's contrary to being . . . one issue that points against bad faith, wouldn't we have to present that to a jury following the law? Haven't we said bad faith is one of those issues that's going to have to be determined by the jury if there's conflicting evidence? I'm not sure that there is conflicting evidence. I think bad faith was established by the fact that in response to a cease and desist letter, the appellant sent across a demand, a ransom demand for a licensing fee. I think that in a nutshell is your bad faith. I don't know what explanation will be given at trial, but if the explanation is they knew we were doing this, we spent our money and lawyer time registering these domains so that we could easily market their business for time, and so it's only fair that when they demand that we give them to them, that they have to pay the expense we have in setting up those domains. What if that's the evidence? Is that not something that the jury is free to consider? It isn't because the ACPA doesn't allow them to do that. It does not allow them to register the domains, the trademarks of others in a domain name. It simply does not. They did though. In violation of the ACPA and in violation of the wholesaler agreement between the parties. Don't they argue that your client knew they did that? They do mark for that argument, yes. Isn't that one of the issues that we should consider in determining whether or not they acted in bad faith? I'm not asking you does the act allow them to do it because the test is whether or not they did it in bad faith, right? It's not just a registering thing. Yes, it's bad faith to traffic in another's good will, yes. It just seems like it's pretty simple to me that bad faith has to be evaluated. The only question is whether or not it can be evaluated by the district court judge without a jury when there's a jury demand or does bad faith when the evidence conflicts, does that have to go to a jury? First, the jury demand was waived. I think that's pretty clear. The record shows that in response to the Second Amendment complaint, there was a jury demand. I apologize. Without a jury, the judge becomes the fact finder but both sides have the right to put on testimony at trial. Would you agree with that? Yes. Witnesses. Isn't it something that then has to go to trial? If they had met their burden in opposing summary judgment, it would have but they did not induce any evidence to contravail that we were entitled to summary judgment on these issues. Here's part of my concern that when the district court discusses bad faith, there is no discussion whatsoever of the Mendez affidavit for example or any other evidence presented by the defendants. It looks like a factual finding. As a matter of fact, the district court says that the evidence overwhelmingly indicates and then list six reasons why the evidence overwhelmingly indicates and if you're doing a weighing of evidence and you have a lot of evidence on this side and a little bit of evidence on this side, you can easily see why a fact finder might conclude that the more outweighs the less but there's no indication that the district court considered the Mendez affidavit or other evidence that pushed against the finding of bad faith. I don't dispute that the order doesn't specifically address the Menendez affidavit but it does say that it reviewed the record in its entirety and that it based its judgment in view of the record. I know. I know. All right. Along the same lines, when you get to the defendant's affirmative defenses, the district court expressly says on page seventeen of the order that it is relying on the magistrate judge's conclusions. Those conclusions were made after factual findings based on disputed evidence. Isn't that procedurally improper? I don't think that it is. The judge was very clear in what he was doing and he says there had been no additional evidence since that time. Did they invite the error? Is that what you're saying? I'm sorry? Did the defendants invite the error or did they make any complaint to the judge at that point? Judge, you can't do this or . . . ? No. Okay. Here. Let me make it as stark as I can for you, okay? Let's say you've got something very different than bad faith, okay? Say, let's think of a battery case, okay? You and I are in a train and one of us jostles the other and the other falls down and is hurt. The victim sues, okay? There's a preliminary hearing of some kind, whatever it may be. It may be a bad hypothetical, but just follow with me. There's a preliminary hearing before summary judgment and before trial. You testify about the state of events. I testify about the state of events. The district judge or the magistrate judge makes factual findings about what happened. You say X, I say Y, and the trier of fact decides one of us is more credible than the other, enters some preliminary relief of some kind, maybe for one of us to stay away from the other. Then the case goes to summary judgment. Since there were only the two of us in the train, you rely on your testimony. I rely on my testimony. It goes up for summary judgment. What is a district judge supposed to do there? I agree with you. He's not supposed to engage in weighing of the evidence on . . . What does he do with his prior finding about who was telling the truth? I still think it's part of the record and he may consider it in connection with making his ruling. You can't do that. That's not what summary judgment teaches you to do. You can't weigh evidence. I didn't say weigh. I didn't say weigh. I don't think he has to ignore the prior order. How can you ignore it if you're applying different standards and you're sitting in a different position with a different hat? I'll tell you how this case feels to me procedurally, having been a district judge. Judge Kugler can tell me if I've forgotten what that was like. This feels to me like the district court felt comfortable doing what it did because it had found that there had been a waiver of a jury trial right and it was essentially functioning as a trier of fact and it felt comfortable relying on prior factual findings made before which it thought were correct and did so, but did so through the prism of Rule 56, which may have caused a problem. Maybe, maybe not. I agree exactly with Judge Jordan, but I've had situations where I had cases that I had before me, had deposition testimony and it was a case where someone had done something and it was disputed evidence and they wanted me to try the case, not a jury. I have asked, do you all have any problem with us doing this where I read the depositions or do you actually want to have a trial where I see the witnesses testify, which is totally different than reading a deposition? I think every one of them said, absolutely, that'll be great, but I always put it in the record that everyone was agreeing that I should read the depositions and that would be the submission I would make to try the decision about the fact zone. Did that occur in this instance? Did the judge, because this is a very good judge, really, really smart, far smarter than I'll ever be, but did it sometime the judge say something along the lines that, look guys, why don't we do it this way? Why don't I look at the record that exists up to this point and make determinations because you're letting me do it anyway as the trier of fact? Did the judge say that? Essentially, he did say that and he said that at the calendar call in advance of the public trial conference. Did you agree to it? We did. It was actually our suggestion that this be tried on the briefs. At that time, there was no objection. Did your opposing counsel agree to it? There was no objection. It was waived. Okay. We're actually issuing, we're dealing with invited error then at this point. Would you agree with that? I do. Okay. Then it didn't get tried. No. It was through briefs. It was tried on the briefs, I think you said. Yes. Right, but it didn't get tried on the briefs, right? It was a summary judgment. That's right. Following summary judgment. You're correct. Right. There's a difference, I think. Yes, you're correct. It may be just procedurally in nature. I'm backing up to the summary judgment point, not the trial point. Okay. Also, you think that at the calendar call or the pretrial conference, the district court discussed with the parties, hey, can I do this through summary judgment based on the record I have before me and so forth? No. That's not what I'm saying. I'm saying at calendar call, what we were going to do going forward after summary judgment had been granted on the three issues that remained, there was a waiver at that time.  With regards to issues like statutory damages and the like. Statutory damages, injunctive relief, and attorney's fees. That didn't happen with regards to the liability issue on summary judgment because that precluded the calendar call. That's correct. That preceded the calendar call. Yes, you're correct. Got it. Okay. Okay, Mr. Bakari, thank you very much. Thank you very much for your time. Mr. Rashkin, you've got some time. I think the court did just clarify what I wanted to clarify, but just in case it was not clarified. Any purported jury trial waiver would have occurred after the summary judgment. There was no trial because summary judgment had been granted as to the ACPA, and although I don't agree that a jury trial was waived as to statutory damages, that issue didn't come up until later, so I wanted to make that . . . Your point is that if you waived, if your client waived anything, it waived a trial, for example, on statutory damages post-liability. Correct. I don't agree that it was waived. I know. I know. You're saying if there was a waiver, it was limited to that. That's correct, because that issue didn't come up until after the summary judgment order had come out. What you're saying is the bad faith decision of whether or not there was bad faith should have been made by a jury under the position the case was in at the time of summary judgment. That's correct. I think that bad faith perhaps comes up twice. It comes up by the jury deciding whether there was bad faith, using those factors that we've not discussed but we do discuss in our briefs. Regardless of what the jury might find, if the court was to determine that there was no bad faith because a reasonable person believed either they were using these domains or registering those domains in good faith or they were otherwise lawfully permitted to do so, then the court could short-circuit the finding of a jury perhaps, maybe in the same way as a Sandra Ground law might work, where a case perhaps doesn't proceed to a jury if a judge determines that a person acted in self-defense, it doesn't actually go to a jury. Perhaps that is the purpose for that portion of the statute being there, short-circuits. You're talking about the safe harbor? I'm talking about safe harbor. I think perhaps bad faith comes up twice. Yeah, but he ruled against you on the safe harbor. He did. He did rule against us on the safe harbor, but even before you get to safe harbor, there still needs to be a determination as to whether there's bad faith using those nine factors. If the court doesn't have any additional questions, I otherwise stand on the brief. All right. Thank you very much for your help. We appreciate it. We're in recess until tomorrow morning.